Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Attorneys for Plaintiff,
PAUL ALLEN WEXLER

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PAUL ALLEN WEXLER,<br><br>Plaintiff,<br><br>vs.<br><br>JENSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, INC., JOHNSON & JOHNSON SERVICES, INC., JASON PLUMLEY, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-03518 AB(AJWx)<br><br>**The Honorable Andre Birotte, Jr.**<br><br>**PLAINTIFF PAUL ALLEN WEXLER'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Filed concurrently with Declaration of Anthony Nguyen and Exhibits; [Proposed] Order)<br><br>Date: October 19, 2015<br>Time: 10:00 a.m.<br>Ctrm.: 4<br><br>Action Filed: April 6, 2015<br>Removal: May 11. 2015 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 19, 2015, at 10:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable Andre Birotte Jr., in Courtroom 4 of this Court, at 312 North Spring Street, Los Angeles, California 90012, plaintiff, Paul Allen Wexler, will move for an order to remand his lawsuit against Jensen Pharmaceuticals, Inc., Johnson & Johnson, Inc., Johnson & Johnson Services, Inc., Jason Plumley, and Does 1 to 100, inclusive, to state court, that the clerk of the court send a certified copy of the order to the clerk of the state court in which the action was originally filed, and that the Court award costs and fees to plaintiff in the amount of $6,000.00.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which conference took place on July 20, 2015.

This motion is made on the ground that defendants have not met their burden of proof of establishing sufficient grounds for removal to federal court on the basis of complete diversity jurisdiction.  This motion is supported by the attached Memorandum of Points and Authorities, the Declaration of Anthony Nguyen, all pleadings filed in this matter, and such other argument and evidence as this Court may consider at or before the hearing, if any, of this motion.


Dated:  September 8, 2015        SHEGERIAN & ASSOCIATES, INC.


By:  _____
        Carney R. Shegerian, Esq.

        Attorneys for Plaintiff,
        PAUL ALLEN WEXLER

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION ................................................................. 1

2. PROCEDURAL HISTORY ....................................................... 3

3. ARGUMENT ...................................................................... 3

   A.  The Authority to Remand This Matter to State Court ................. 3

   B.  Defendants Fail to Satisfy *Their Heavy Burden* of Showing that Complete Diversity Existed at the Time of Removal. ................. 4

     (1)  Defendants' Initial Burden Is Strictly Construed. ............. 4

     (2)  Defendants Fail to Establish Under Their Heavy Burden that There Is Complete Diversity of Citizenship. ............... 5

     (3)  Defendants Fail to Establish Under Their Heavy Burden that the Individual Defendant Is a "Sham" Defendant. ......... 6

      (a)  Plumley Is Not a "Sham" Defendant. ..................... 8

       i.  Defendants Have Not Shown that Plaintiff Cannot Allege a Claim of Harassment Against Plumley. ... 8

       ii. Defendants Have Not Shown that Plaintiff Cannot Allege a Claim of Intentional Infliction of Emotional Distress Against Plumley. ............... 10

     (4)  Defendants Have Failed to Meet Their Heavy Burden of Establishing that Plaintiff Cannot Amend His Complaint to Recover Ultimately Against the Individual Defendant. ........ 11

     (5)  Defendants Have Failed to Show that the Amount in Controversy Exceeds $75,000.00. ........................... 12

   C.  Plaintiff Is Entitled to an Award of His Actual Expenses, Including Reasonable Attorneys' Fees, Because of Defendants' Removal and Refusal to Agree to Remand. ........................ 13

4. CONCLUSION .................................................................. 14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Albi v. Street & Smith Publ'ns,* 140 F.2d 310 (9th Cir. 1944)  .....  7

*Ballesteros v. Am. Standard Ins. Co. of Wis.,* 436 F.Supp.2d 1070 (D. Ariz. 2006)  .....  2, 7

*Beyda v. City of Los Angeles,* 65 Cal.App.4th 511 (1998)  .....  9

*Billmeyer v. Plaza Bank of Commerce,* 42 Cal.App.4th 1086 (1996)  .....  11

*Bradford v. Mitchell Bros. Truck Lines,* 217 F.Supp. 525 (N.D. Cal. 1963)  .....  6

*Bromwell v. Michigan Mutual Ins.,* 115 F.3d 208 (3rd Cir. 1997)  .....  4

*Buckner v. FDIC,* 981 F.2d 816 (5th Cir. 1993)  .....  4

*California ex rel. Lockyer v. Dynergy, Inc.,* 375 F.3d 831 (9th Cir. 2004)  .....  5

*Carpenters Southern Ca. Admin. v. Majestic Housing,* 743 F.2d 1341 (9th Cir. 1984)  .....  5

*Circle Industries USA, Inc. v. Parke Construction Group, Inc.,* 183 F.3d 105 (2nd Cir. 1999)  .....  13

*Davis v. Prentiss Props. Ltd.,* 66 F.Supp.2d 1112 (C.D. Cal. 1999)  .....  7

*Fisher v. San Pedro Peninsula Hospital,* 214 Cal.App.3d 590 (1989)  .....  8

*Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir. 1992)  .....  1, 4, 12

*Gonzalez v. J.S. Paluch Co., Inc.,* No. CV 12-08696 DDP FMOX, 2013 U.S. Dist. LEXIS 2906 (C.D. Cal. Jan. 7, 2013)  .....  7

*Green v. Amerada Hess Corp.,* 707 F.2d 201 (5th Cir. 1983)  .....  8

*Hamilton Materials, Inc. v. Dow Chemical Corporation,* 494 F.3d 1203 (9th Cir. 2007)  .....  7

*Hartley v. CSX Transp. Inc.,* 187 F.2d 422 (4th Cir. 1999)  .....  8

*Hughes v. Pair,* 46 Cal.4th 1035 (2009)  .....  9, 10

*International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72 (1991)  .....  4

*Janken v. GM Hughes Elecs.,* 46 Cal.App.4th 55 (1996)  .....  9

*Kanter v. Warner-Lambert Co.,* 265 F.3d 853 (9th Cir. 2001)  .....  1, 5, 6

*Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088 (9th Cir. 1983)  .....  5

-ii-

PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993 (C.D. Cal. 2002) ........................................................... 3, 12

*Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416 (9th Cir. 1989) ................ 6

*Lyle v. Warner Bros.,* 38 Cal.4th 264 (2006) ...................................... 9

*Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005) ......................... 13

*Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089 (9th Cir. 2003) .... 12

*McCabe v. General Foods Corp.,* 811 F.2d 1336 (9th Cir. 1987) ................ 7

*Michandani v. BMO Harris Bank NA,* No. CV-11-2286-PHX-GMS, 2011 U.S. Dist. LEXIS 139917 (D. Ariz. Dec. 5, 2011) .......................... 7

*Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443 (9th Cir. 1992) ....... 13

*Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241 (9th Cir. 2009) ....... 1, 4

*Murphy v. Allstate Ins. Co.,* 83 Cal.App.3d 38 (1978) ......................... 11

*Padilla v. AT&T Corp.,* 697 F.Supp.2d 1156 (C.D. Cal. 2009) ............. passim

*Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459 (2nd Cir. 1998) ................ 7

*Plute v. Roadway Package Sys., Inc.,* 141 F.Supp.2d 1005 (N.D. Cal. 2001) .......................................................................... 2, 6

*Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261 (9th Cir. 1999) ....... 1, 4

*Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir. 1998) ................. 2, 11

*Roby v. McKesson Corp.,* 47 Cal.4th 686 (2009) ............................. 9, 10

*Shamrock Oil Corp v. Sheets,* 313 U.S. 100 (1941) ............................. 4

*Spencer v. United States Dist. Ct. for Northern Dist. of Calif. (Altec Industries, Inc.),* 393 F.3d 867 (9th Cir. 2004) ............................... 5

**Statutes**

28 United States Code § 1332 ............................................... 4, 5, 6

28 United States Code § 1441 .................................................. 3, 5

28 United States Code § 1447(c) ............................................ 4, 13, 14

Government Code §§ 12900-12996 ............................................. 3, 8, 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.  INTRODUCTION

Plaintiff, Paul Allen Wexler ("plaintiff" or "Wexler"), properly filed this lawsuit in the Superior Court of California.  After receiving notice of removal to the federal district court by defendants Jensen Pharmaceuticals, Inc. ("Jensen"), Johnson & Johnson, Inc. ("J&J"), and Johnson & Johnson Services, Inc. ("J&J Services") (collectively the "entity defendants") and Jason Plumley ("Plumley") (the "individual defendant") (entity defendants and individual defendant collectively "defendants"), on wholly improper grounds, plaintiff now moves this Court for an order directing that this action be remanded to state court because diversity jurisdiction indisputably does not exist, and therefore this Court lacks jurisdiction to hear this case.

The party seeking removal has the burden of establishing federal jurisdiction, and the removal statute is strictly construed against removal.  *Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999); *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1243 (9th Cir. 2009).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *Moore-Thomas* at 1243.  Defendants have wholly failed to meet their high burden for removal of this matter, requiring that jursidiction be rejected, for the following reasons.

*First,* as the removing parties on diversity grounds, defendants have the *burden of proof* of showing the necessary elements of federal diversity court jurisdiction.  *Gaus* at 566.  Defendants first fail to come close to meeting this burden by failing to establish citizenship for diversity purposes.  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Id.*  Here, as defendants will not be able to dispute, the Complaint alleges only plaintiff's residence.

Because the only support for defendants' allegation of plaintiff's citizenship is an allegation of residence and because residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish plaintiff's citizenship.

**Second,** even if defendants have established the domiciles of the parties at issue, there is no proper legal basis for removal because there is not complete diversity, inasmuch as plaintiff and individual defendant Plumley are both Californians. (*See* Complaint, 2:23-26.)

**Third,** defendants cannot circumvent the fact that Plumley and plaintiff are from the same state, despite any contention that the individual defendant is a fraudulently joined or sham defendant. This is a difficult task, as "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion," with any doubt resolved in favor of retention of the case in state court. *Plute v. Roadway Package Sys., Inc.,* 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); *Ballesteros v. Am. Standard Ins. Co. of Wis.,* 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006). Here, defendant Plumley clearly is not a sham defendant, as the facts show that he made numerous derogatory and unnecessary ageist comments to plaintiff, as well as about older employees, before giving plaintiff a false write-ups, for the first time in his 12 year career, that led to the sudden termination of his employment, all facts that support plaintiff's claims of harassment and intentional infliction of emotional distress. Additional facts as to the individual defendant also cut against removal.

**Fourth,** defendants have failed to establish that plaintiff cannot amend his Complaint to recover ultimately against Plumley. *See Padilla v. AT&T Corp.,* 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009). The requirement is that defendants "must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998).

**Fifth,** defendants have failed to establish that the amount in controversy exceeds $75,000.00 by failing to provide summary judgment type evidence required to prove that

the amount in controversy exceeds the jursidictional minimum.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).

Accordingly, for the aforementioned reasons and as is further discussed below, plaintiff respectfully requests that this case be remanded and that the clerk of the court send a certified copy of the order to the clerk of the state court in which the action was originally filed.  Plaintiff also respectfully requests that the Court issue an award of costs and fees in the amount of $6,000.00 for plaintiff's having to prepare and bring this Motion to Remand, despite efforts to meet and confer about the improper basis for defendants' removal.

## 2.  PROCEDURAL HISTORY

Plaintiff filed the instant action in Los Angeles County Superior Court on April 6, 2015, alleging only state law claim therein.  The Complaint includes claims for (1) discrimination on the basis of age in violation of the Fair Employment and Housing Act ("FEHA"), (2) harassment on the basis of age in violation of FEHA, (3) breach of express oral contract, (4) breach of implied-in-fact contract, (5) wrongful termination of employment in violation of public policy, (6)  intentional infliction of emotional distress.

The named defendants in this case are Jensen, Johnson & Johnson, J&J Services, and Plumley.  All claims are alleged against Jensen, J&J, and J&J Services, while the claims for harassment on the basis of age and intentional infliction of emotional distress are also alleged against the individual defendant.

Defendants filed a "Notice of Removal" with this Court on May 11, 2015.

## 3.  ARGUMENT

### A.  The Authority to Remand This Matter to State Court

A case filed in state court may be removed to federal court if the federal court would have original jurisdiction over it.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court ***if the federal court lacks subject matter jurisdiction or if***

there is *"any defect in the removal procedure."* 28 U.S.C. § 1447(c); *see also Buckner v. FDIC,* 981 F.2d 816, 820 (5th Cir. 1993). ***The party seeking removal has the burden of establishing federal jurisdiction, and the removal statute is strictly construed against removal.*** *Prize Frize, supra,* 167 F.3d at 1265; *Moore-Thomas, supra,* 553 F.3d at 1243. ***"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*** *Gaus, supra,* 980 F.2d at 566; *Moore-Thomas* at 1243. A federal court's jurisdiction under the removal statutes constitutes an infringement upon state sovereignty. *Shamrock Oil Corp v. Sheets,* 313 U.S. 100, 108-109 (1941). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus, supra,* 980 F.2d at 566.

If a federal court lacks subject jursidiction over a particular action, the plain language of 28 U.S.C. section 1447(c) mandates that the matter be remanded to the state court from which it was removed, setting forth in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The language of this section is mandatory; once the federal court determines that it lacks jursidiction, it must remand the case to the appropriate state court. *Bromwell v. Michigan Mutual Ins.,* 115 F.3d 208, 213 (3rd Cir. 1997); *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 87 (1991). A motion for remand also lies to challenge procedural defects. 28 U.S.C. § 1447(c).

## B.   Defendants Fail to Satisfy *Their Heavy Burden* of Showing that Complete Diversity Existed at the Time of Removal.

### (1)   Defendants' Initial Burden Is Strictly Construed.

As the removing parties, defendants have the *burden of proof* of showing the necessary elements of federal diversity court jurisdiction. *Gaus,* 980 F.2d at 566. Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. If a citizen

who shares citizenship of the state of any plaintiff is a proper parlty to the action, there is no dviersity, and the district court lacks subject jursidiction under 28 U.S.C. section 1332, defating defendants' petition for removal.  *See* 28 U.S.C. § 1441.  Even if there is complete diversity, removal is allowed only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Spencer v. United States Dist. Ct. for Northern Dist. of Calif. (Altec Industries, Inc.),* 393 F.3d 867, 870 (9th Cir. 2004).

Additionally, the party seeking removal not only must establish grounds for federal jursidiction, but bears the burden of establishing that it has complied with the procedural requirements to remove the case from state court.  *California ex rel. Lockyer v. Dynergy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2004).  This includes the removing defendant's proving that the non-diverse defendant is a "sham."  *Lewis v. Time, Inc.,* 83 FRD 455, 460 (E.D. Cal. 1979), *affirmed* (9th Cir. 1983).

Placing such a strict burden on the party seeking removal reflects the notion that a plaintiff should be free to decide what law he or she will rely on.  *Carpenters Southern Ca. Admin. v. Majestic Housing,* 743 F.2d 1341, 1343-1344 (9th Cir. 1984).

### (2)   Defendants Fail to Establish Under Their Heavy Burden that There Is Complete Diversity of Citizenship.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *See Kanter v. Warner-Lambert, supra,* 265 F.3d at 857.  ***"A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.***

Here, as defendants will not be able to dispute, the Complaint alleges only plaintiff's residence.  Because the only support for defendants' allegation of plaintiff's citizenship is an allegation of residence and because residence is not the same as

citizenship, the Notice of Removal's allegations are insufficient to establish plaintiff's citizenship.   "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter,* 265 F.3d at 857; *Bradford v. Mitchell Bros. Truck Lines,* 217 F.Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient").  Defendants do not provide any basis, for alleging, "Plaintiff was and is a California resident and therefore is a citizen of California." (*See* Notice of Removal, 3:4-5.)  Defendants did not even bother to offer evidence in the form of declaration testimony that establishes where the individual defendant is domiciled.

Alternatively, assuming that defendants have met their burden in establishing the domiciles of the parties at issue, they still lack a proper legal basis for removal because there is not complete diversity, inasmuch as plaintiff and Plumley are both Californians. (*See* Complaint, ¶¶ 1-2.)

### (3)   Defendants Fail to Establish Under Their Heavy Burden that the Individual Defendant Is a "Sham" Defendant.

Defendants contend that their removal is proper because complete diversity allegedly exists under 28 U.S.C. section 1332, as Plumley is a sham defendant. Typically, "removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant." *Padilla, supra,* 697 F.Supp.2d at 1159.  The Ninth Circuit considers a non-diverse defendant a sham defendant if, after all questions of facts and ambiguities in state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is being questioned. *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989).

This is a difficult task, as "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute, supra,* 141 F.Supp.2d at 1008.  Indeed, "a defendant

seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla,* 697 F.Supp.2d at 1159.   Otherwise, even "where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court."  *Ballesteros, supra,* 436 F.Supp.2d at 1072, *quoting Albi v. Street & Smith Publ'ns,* 140 F.2d 310, 312 (9th Cir. 1944).  Merely a "'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of fraudulent joinder doctrine."  *Michandani v. BMO Harris Bank NA,* No. CV-11-2286-PHX-GMS, 2011 U.S. Dist. LEXIS 139917, *8 (D. Ariz. Dec. 5, 2011).  In fact, "a federal court's fraudulent-joinder consideration should be akin to an application of Rule 11."  *Davis v. Prentiss Props. Ltd.,* 66 F.Supp.2d 1112, 1114 (C.D. Cal. 1999).

Deciding whether a defendant is fraudulently joined requires a court to "walk a very fine line:  it must consider the merits of a matter without assuming jurisdiction over it."  *Davis* at 1114.  To show "fraudulent joinder," the removing defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings or that on the basis of the pleadings there is no possibility that the plaintiff can state a cause of action against the non-diverse defendant in state court.  *Hamilton Materials, Inc. v. Dow Chemical Corporation,* 494 F.3d 1203, 1206 (9th Cir. 2007); *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987); *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2nd Cir. 1998).  "Accordingly, in order to decide whether plaintiff fraudulently joined [defendant] the Court must examine plaintiff's claim against her, although the analysis is not as searching as would be appropriate for a Rule 12(b)(6) motion to dismiss."  *Gonzalez v. J.S. Paluch Co., Inc.,* No. CV 12-08696 DDP FMOX, 2013 U.S. Dist. LEXIS 2906, *12 (C.D. Cal. Jan. 7, 2013) (applying the above fraudulent joinder standard).  Conversely, the plaintiff's burden is lighter than the defendant's, as even a "slight" possibility of recovery will defeat a defendant's claim of fraudulent joinder.  *Hartley v. CSX Transp. Inc.,* 187 F.2d

422, 426 (4th Cir. 1999).

A court cannot pre-try substantive factual issues in order to answer discrete threshold questions of whether the joinder of an in-state defendant is fraudulent. The only issue the court should address is that of its own jurisdiction. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 204 (5th Cir. 1983).

**(a)   Plumley Is Not a "Sham" Defendant.**

**i.   Defendants Have Not Shown that Plaintiff Cannot Allege a Claim of Harassment Against Plumley.**

California Government Code section 12940(j)(1) provides that it is an unlawful employment practice for "an employer . . . or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation, to harass an employee . . ."

The elements of a *prima facie* case of harassment are as follows: (1) plaintiff belongs to a protected group, (2) plaintiff was subjected to unwelcome harassment, (3) the harassment was based on plaintiff's protected group, (4) the harassment was sufficiently pervasive to alter the conditions of employment and create an abusive working environment, and, for entity defendants, (5) a supervisor engaged in the conduct, or the entity defendant or its supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action. *Fisher v. San Pedro Peninsula Hospital,* 214 Cal.App.3d 590, 608 (1989).

Plumley is alleged to have harassed plaintiff under FEHA and, on the basis of the facts at hand, certainly is not a "sham" defendant for purposes of such a claim.

Plumley made numerous comments regarding plaintiff's age, compared his age to those of younger employees, and consistently made derogatory and negative comments regarding other employees' ages and capabilities. Specifically, Plumley made several offensive comments to plaintiff about his age and about older employees in general,

including "The hardest representatives to change are the older ones," and "Older workers are the hardest to train" because "They are too set in their ways." (Complaint, ¶ 11.) Plumley also reassigned many of Wexler's customers to younger sales representatives. (Complaint, ¶ 13.) Plumley also indicated his bias towards older workers when he made Plaintiff stop at a specific store, so he could purchase special jet black hair dye in order to stay young. (Complaint, ¶ 19.)  It is clear that plaintiff's work environment was affected not only by Plumley's direct comments to him, but by his witnessing and hearing Plumley make such ageist comments about other older employees, reinforcing his experience of an abusive working environment.  California recognizes that such evidence does bear on plaintiff's harassment claims because "[t]he plaintiff's work environment is affected not only by conduct directed at herself but also by the treatment of others.  A woman's perception that her work environment is hostile to women will obviously be reinforced if she witnesses the harassment of other female workers." *Beyda v. City of Los Angeles,* 65 Cal.App.4th 511, 519 (1998); *see Lyle v. Warner Bros.,* 38 Cal.4th 264, 285, fn. 7 (2006).

Even Plumley's actions that did not directly involve overt comments are sufficient to support a harassment claim under FEHA.  For such a claim, plaintiff must allege conduct "not necessary for performance of a supervisory job" that is "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken v. GM Hughes Elecs.,* 46 Cal.App.4th 55, 63 (1996).  In *Padilla,* the court remanded for lack of complete diversity a case involving harassment, retaliation, wrongful employment termination, and intentional infliction of emotional distress, finding that the individual defendant who destroyed diversity was not a sham defendant. *Padilla,* 697 F.Supp.2d at 1158.  The *Padilla* court found that the individual defendants' conduct of "intentionally issuing false write-ups claiming that Plaintiff had engaged in "falsifying documents and stealing time, ultimately leading to Plaintiff termination" was harassing conduct. *Id.* at 1159.  Additionally, *Roby v. McKesson Corp.,* 47 Cal.4th 686 (2009), held that

"management" activity could be actionable as harassment if it sent the employee a discriminatory message (*e.g.,* that his age was unwelcome in the work place).

Similarly to the plaintiff in *Padilla,* plaintiff alleges the same type of conduct that the court in *Padilla* found harassing:  that Plumley falsely wrote plaintiff up for poor sales twice for the first time in Plaintiff's 12 year career with Defendants and ultimately terminating him, despite the fact that a number of plaintiff's sales were not included in the report, Plaintiff received a salary increase and finished in the year in the top 20% of sales after receiving his first right up.  (Complaint, ¶ 15, 17.)  Just as in *Padilla,* using fake write-ups is harassing conduct that falls outside the scope of necessary job performance, is conduct presumably engaged in for personal gratification or motive, and is sufficient to state a harassment claim.  Such conduct, as was also clarified in *Roby,* establishes that even "management" activity can be construed as harassing conduct.

### ii.  Defendants Have Not Shown that Plaintiff Cannot Allege a Claim of Intentional Infliction of Emotional Distress Against Plumley.

A cause of action for intentional infliction of emotional distress exists when there is

> (1) [E]xtreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community."  And the defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result."

*Hughes v. Pair,* 46 Cal.4th 1035, 1050-1051 (2009).

Plaintiff alleges that Plumley acted intentionally, in concert with all of the other defendants, to cause plaintiff's emotional distress.  The Complaint alleges a series of specific comments and conduct to which Plumley and the other defendants subjected him that support the "outrageous conduct" element of this claim, as was discussed above in the analysis of the harassment claim.  In addition to alleging "harassment" on the

bases of his age, plaintiff alleges that Plumley treated him differently, suddenly shunned and ignored him, and gave him false write-ups, which were the first write-ups he had received in his 12 year career with Defendants, ultimately using these as a basis to terminate him, all in connection to Plumley's position to damage plaintiff's interest.

Additionally, the question of whether this conduct is outrageous is firmly a question for the jury, not for the court at the pleading stage. *Murphy v. Allstate Ins. Co.,* 83 Cal.App.3d 38, 51 (1978); *Billmeyer v. Plaza Bank of Commerce,* 42 Cal.App.4th 1086, 1097 (1996). Therefore, plaintiff's intentional infliction of emotional distress claim is actionable against Plumley, and the Court should grant plaintiff's motion because Plumley destroys complete diversity of parties.

### (4) Defendants Have Failed to Meet Their Heavy Burden of Establishing that Plaintiff Cannot Amend His Complaint to Recover Ultimately Against the Individual Defendant.

Additionally, defendants have failed to establish that plaintiff cannot amend his Complaint to recover ultimately against Plumley. *See Padilla,* 697 F.Supp. at 1159. The requirement is that defendants "must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey, supra,* 139 F.3d at 1318. This approach is considered reasonable and necessary, given the strong presumption against removal jurisdiction and California state court practice of broadly pleading and amending. *Padilla* at 1159. It is clear that, at the very least, like the individual defendant in *Padilla,* Plumley "played an integral role in plaintiff's termination." *Id.*

Alternatively, should this Court find plaintiff's operative Complaint in need of additional factual allegations, plaintiff can cure the Complaint by amending, an option that defendants have not even attempted to establish is not an option. Defendants have a heavy burden of showing that plaintiff cannot amend his Complaint to recover ultimately against the individual defendant, Plumley. *Padilla* at 1159. This standard is reasonable and necessary, given the strong presumption against removal jurisdiction and California

state court practice of broadly pleading and amending. *Id.* at 1159. Defendants have failed to meet this heavy burden.

### (5)   Defendants Have Failed to Show that the Amount in Controversy Exceeds $75,000.00.

Defendants also fail to establish that the amount in controversy exceeds $75,000.00. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. *Gaus, supra,* 980 F.2d at 566. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

Here, the amount in controversy is unclear from the face of the Complaint, other than that the amount demanded exceeds $25,000.00. (*See* Complaint, 17:11-12.) "If the amount in controversy is not clear on the face of the complaint, . . . defendant must submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." *Kenneth Rothschild Trust, supra,* 199 F.Supp.2d at 1001. Defendants have provided no such evidence in support of their Notice of Removal, instead contending that plaintiff's salary was $79,800.00, he would receive commissions, and was eligible for other awards and imputed income and that plaintiff is seeking lost past and future wages, other general and compensatory damages, emotional distress damages, and punitive damages; they provide no actual summary judgment type of evidence to demonstrate that the amount in controversy actually exceeds the jurisdictional minimum. (*See* Notice of Removal, ¶¶ 37-41.)

///

///

**C.  Plaintiff Is Entitled to an Award of His Actual Expenses, Including Reasonable Attorneys' Fees, Because of Defendants' Removal and Refusal to Agree to Remand.**

28 U.S.C. section 1447(c) provides in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal.

The statutory purpose of such an award of costs and attorneys' fees is to avoid the possibility of abuse, unnecessary expense, and harassment if a party removes a case improperly.  *Circle Industries USA, Inc. v. Parke Construction Group, Inc.,* 183 F.3d 105, 109 (2nd Cir. 1999).  While an award of costs and fees under 28 U.S.C. section 1447(c) is not mandatory, such an award does not require a showing of bad faith.  *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 448 (9th Cir. 1992).  "Absent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

Here, defendants have no objectively reasonable basis for seeking removal.  The facts in the Complaint clearly establish that Plumley shared the same state of residence as plaintiff.  Furthermore, as was discussed above, there is absolutely no reasonable basis on which to contend that the individual defendant, Plumley, was a "sham" defendant.  Defendants fail to meet their high burden and should reimburse plaintiff for the costs and fees associated with this motion, all of which could have been avoided.

It is clear that defendants' removal of this case to federal court is a classic example of forum shopping, without support in law or fact.  On July 20, 2015, plaintiff initially met and conferred about defendants' filing of a Rule 12(b)(6) motion, and at that time plaintiff indicated that he would seek to remand this matter to state court.  (Nguyen Decl., Exh. 2.)  No agreement was reached to resolve this matter, and thus plaintiff was forced to file the instant motion.  (Nguyen Decl., ¶¶ 6-7.)

Defendants' subsequent failure to stipulate to remand this case back to state court has resulted in this Motion to Remand, which plaintiff has incurred $ 4,000 in attorneys' fees to research and prepare.  Plaintiff anticipates incurring an additional $2,000 in preparing any reply and appearing at the hearing on this motion.  (Nguyen Decl., ¶ 8.) Accordingly, plaintiff respectfully requests that the Court award him attorneys' fees in the total amount of $6,000 that were incurred because of defendants' improper removal under 28 U.S.C. section 1447(c).

## 4.  CONCLUSION

Neither the "four corners" of the Complaint nor the Notice of Removal contains sufficient allegations or evidence to establish federal diversity court jurisdiction.  This, along with defendants' complete failure to meet their heavy burden of establishing a proper basis for removal and the understanding that "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance" and that, for purposes of establishing a "sham" defendant, all questions of facts and ambiguities are resolved in favor of plaintiff, it is clear that defendants' removal was wholly improper and that remanding this matter to state court is necessary.  Accordingly, plaintiff respectfully requests that this Court remand this matter to state Court and award him attorneys' fees in the total amount of $6,000 that were incurred because of defendants' improper removal under 28 U.S.C. section 1447(c).


Dated:  September 8, 2015          SHEGERIAN & ASSOCIATES, INC.


By:  _____
     Carney R. Shegerian, Esq.

     Attorneys for Plaintiff,
     PAUL ALLEN WEXLER

**WEXLER v. JENSEN, et al.**                    **USDC Case No. 2:15-cv-03518 AB(AJWx)**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.

On September 8, 2015, I served the foregoing document, described as **"PLAINTIFF PAUL ALLEN WEXLER'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Linda Miller Savitt, Esq.**
**BALLARD ROSENBERG**
**  GOLPER & SAVITT, LLP.**
**500 North Brand Boulevard, 20th Floor**
**Glendale, California 91203-9946**

**Kathryn H. Levering**
**DRINKER BIDDLE & REATH LLP**
**One Logan Square, Suite 2000**
**Philadelphia, Pennsylvania 19103-6996**

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Executed on September 8, 2015, at Santa Monica, California.

_____
Kristine Nicolas